UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY OSWALD SMITH,

    Petitioner,

v.

    CIVIL NO. 2:17-CV-13134
    HONORABLE PAUL D. BORMAN
    UNITED STATES DISTRICT COURT

JODI DEANGELO-KIPP, [1]

    Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Henry Oswald Smith, ("Petitioner"), confined at the Woodland Center Correctional Facility in Whitmore Lake, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for second-degree murder, Mich. Comp. Laws § 750.317. Respondent filed a motion to dismiss the petition, on the ground that it was not timely filed in accordance with the statute of limitations contained in 28

---

[1] The Court amends the caption to reflect that the proper respondent in this case is now Jodi-Deangelo Kipp, the warden of the Woodland Center Correctional Facility, where petitioner is currently incarcerated. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

1

U.S.C. § 2244 (d)(1). For the reasons stated below, the petition for a writ of habeas corpus is summarily denied with prejudice.

## I. BACKGROUND

Petitioner was convicted following a bench trial in the Detroit Recorder's Court. [2]

Direct review of petitioner's conviction ended in the state courts on April 27, 1984, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Smith,* No. 72589 (Mich.Sup.Ct. Apr. 27, 1984).

Petitioner suggests in his supplement to the petition for writ of habeas corpus that he may have filed a post-conviction motion for relief from judgment with the state trial court on or about September 8, 2017. (See Dkt. 2, Pg ID 4-5). This Court has reviewed the websites for the Wayne County Circuit Court and the Michigan Court of Appeals. There is no indication that petitioner ever filed a post-conviction motion with the circuit court or appealed the denial of a post-conviction

---

[2] In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999).

motion with the Michigan appellate courts. [3]

Petitioner filed his habeas petition with the United States District Court for the Western District of Michigan on September 14, 2017. The case was transferred to this district. A second petition was filed in the Western District Court of Michigan on October 2, 2017. This petition was also transferred to this district and filed under Case # 17-13700. Both cases were consolidated into one case.

## II. DISCUSSION

Respondent filed a motion to dismiss the petition for writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *See also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

---

[3] See, www.cmspublic.3rdcc.org and www.micourts.gov.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009).

The Michigan Supreme Court denied petitioner's application for leave to appeal on April 27, 1984. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not start running on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the

4

date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment became final on July 26, 1984, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).

Petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, thus, petitioner had a one year grace period from this date to timely file a petition for habeas relief with the federal court. *See Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

Petitioner suggests that he filed a motion for relief from judgment with the state trial court. Both respondent and this Court have searched the state trial and appellate court records and have been unable to find any evidence that petitioner ever filed any post-conviction pleadings in the state courts.

A habeas petitioner has the burden of demonstrating facts that will statutorily toll the one-year limitations pursuant to § 2244(d)(2). *See e.g. Johnson*

*v. Lewis,* 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004). Petitioner has presented no evidence to this Court that he ever filed a post-conviction motion in the state courts.

Assuming that petitioner did file a post-conviction motion with the state courts, according to petitioner it would have been in 2017, long after the one year limitations period had already expired. A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n. 1 (6th Cir. 2002). The petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner is not entitled to equitable tolling of the one year limitations period, because he failed to argue or show that the facts of case support equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x. 145, 147 (6th Cir. 2007)(unpublished).

The one year statute of limitations may be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir.

7

2005). Although petitioner suggests in several pleadings that the there was insufficient evidence to convict, petitioner's sufficiency of evidence claim does not establish his innocence, so as to toll the limitations period. For purposes of tolling the limitations period, "actual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005)(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

### III. CONCLUSION

Based on the foregoing analysis, the Court concludes that petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the Court summarily dismisses with prejudice the petition for writ of habeas corpus.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists

8

of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. Accordingly, the Court denies a certificate of appealability. The Court also denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

**IV. ORDER**

Accordingly, the Court **SUMMARILY DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

                              S/Paul D. Borman
                              PAUL D. BORMAN
                              UNITED STATES DISTRICT COURT

DATED: June 15, 2018